## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KEVIN M. FRANKEN,<br>            Appellant, | DOCKET NUMBER<br>SF-0752-18-0047-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>            Agency. | DATE: September 11, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jillian T. Weiss, Esquire, Brooklyn, New York, for the appellant.

William Brendan Davis, Sacramento, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis concerning the appellant's affirmative defenses of whistleblower reprisal and reprisal for protected equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

## BACKGROUND

The appellant was formerly employed as a Natural Resources Specialist (Park Ranger) until the agency removed him, effective April 21, 2017, based on a charge of conduct unbecoming (making misleading statements, discourtesy, and creating a disturbance). Initial Appeal File (IAF), Tab 1 at 7. The charge was supported by three specifications in which the agency alleged that, on three different occasions, the appellant made misleading reports about his supervisor and coworkers, including reports that his supervisor and a coworker had mistreated and harassed him. IAF, Tab 10 at 5-6, 79-86.

The appellant filed a timely mixed-case appeal challenging his removal and alleging that the agency's removal action constituted reprisal for his EEO activity and discrimination on a variety of different bases. IAF, Tab 1. He also raised affirmative defenses of whistleblower reprisal, harmful procedural error, and denial of due process. IAF, Tab 1 at 5, Tab 24 at 5-6. Following a hearing, the administrative judge issued an initial decision sustaining the appellant's removal and finding that the appellant failed to prove his affirmative defenses. IAF,

Tab 59, Initial Decision (ID) at 1-51. The administrative judge further found that there was a nexus between the sustained charge and the efficiency of the service, and that the penalty was within the tolerable limits of reasonableness. ID at 51-54.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition, and the appellant has filed a reply. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved its charge of conduct unbecoming.</u>

On review, the appellant argues that the agency's conduct unbecoming charge should have been construed as a charge of falsification, which requires proof that the appellant intentionally made a false complaint for an improper purpose of personal gain. PFR File, Tab 1 at 7, 15-18. It does not appear that the appellant raised such an argument below or objected to the administrative judge's order and summary of prehearing conference, which characterized the agency's charge as one of conduct unbecoming and indicated that the parties agreed to the charge as characterized. IAF, Tab 24 at 29-35. Thus, the Board need not consider such an argument for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

Regardless, we discern no error in the administrative judge's analysis of the agency's charge as one of conduct unbecoming. *See, e.g.*, *Cross v. Department of the Army*, 89 M.S.P.R. 62, ¶ 9 (2001) (finding that the agency was entitled to use a general charge such as conduct unbecoming a Federal employee, which contains no specific intent element, rather than a charge of falsification, which contains a specific intent element, even though the agency used the words

"falsified" and "falsely" in its narrative supporting the charge). We similarly find unpersuasive the appellant's argument that the agency could have brought a number of other charges based on the specifications, such as discourtesy. PFR File, Tab 1 at 24. Even if true, the Board is required to review the agency's decision solely on the grounds invoked by the agency, and the Board may not substitute what it considers to be a more adequate or proper basis. *Gottlieb v. Veterans Administration*, 39 M.S.P.R. 606, 609 (1989).

In specification 1, the agency charged the appellant with not being forthright when he reported in an email dated January 20, 2017, that, on January 19, 2017, a Park Ranger coworker who had taken the appellant out on a boating exercise to help him obtain his certification was "abrasive, adversarial, antagonistic, harassing and hostile towards him." IAF, Tab 10 at 79. According to the agency, after receiving the appellant's email, it investigated his claims and found them unsubstantiated. Both the Park Ranger coworker and a Student Park Ranger who witnessed their interactions contradicted the appellant's version of events. *Id.*

The administrative judge similarly credited testimony of the Student Park Ranger and the Park Ranger coworker. ID at 11. According to them, the appellant drove ahead of them with the boat and his driving "wasn't safe." He drove the trailer off the road twice, failed to yield at a narrow section of the road, and hit and injured a deer in a known deer area. ID at 7. After the appellant hit the deer, the Park Ranger coworker commented to him that "we're here to protect wildlife, not run it over," but such a statement was not made in a hostile or aggressive tone. ID at 8. The administrative judge credited their testimony as specific, detailed, consistent, and not improbable. ID at 11. In contrast, the administrative judge declined to credit the appellant's testimony that the Park Ranger coworker was upset with him and shouted at him after he hit the deer because of his sexual orientation and his prior EEO activities. *Id.* The administrative judge found the appellant's testimony to be vague, conclusory, and

unconvincing to the extent that he offered few factual details about the day other than to repeatedly assert that his coworker's actions were unlawful. *Id.* The administrative judge further found misleading the appellant's statements in his email that the Park Ranger coworker overreacted because he did not run over the baby deer, but rather the deer walked into his truck. *Id.*

In specification 2, the agency alleged that, in an email dated February 2, 2017, the appellant made misleading statements regarding his interactions with his supervisor on February 1, 2017, including alleging that his supervisor belittled, humiliated, and insulted him, and that his behavior was discriminatory, retaliatory, harassing, and hostile. IAF, Tab 10 at 80. According to the agency, it investigated the claims made in the appellant's email and found that both the appellant's supervisor and another independent witness contradicted the appellant's allegations. *Id.* at 80-82. Similarly, the administrative judge credited the testimony of the independent witness that the appellant's supervisor interacted professionally with the appellant during the incident, whereas the appellant was defensive, rude, and tried to provoke his supervisor. ID at 17-19. The administrative judge further credited the testimony of the appellant's supervisor that he merely discussed the appellant's daily assignments with him and was not discriminatory, retaliatory, or harassing as the appellant alleged. ID at 15-19.

In specification 3, the agency alleged that, in an email dated February 8, 2017, the appellant made misleading statements alleging that his supervisor had harassed, belittled, humiliated, and insulted him and was threatening, angry, and upset when he asked the appellant about work he had done in the last 2 days. IAF, Tab 10 at 82-83. According to the agency, it investigated the claims made in the appellant's email and found that both the appellant's supervisor and another independent witness contradicted the appellant's allegations. *Id.* at 83-84. Similarly, the administrative judge credited the testimony of the appellant's supervisor that he had merely asked the appellant about the status of outstanding projects. ID at 21, 23. The administrative judge also credited the

testimony of the independent witness that the appellant's supervisor behaved professionally, but the appellant refused to answer his supervisor's work-related questions and instead accused his supervisor of harassing him, raised his voice, and was confrontational, rude, and unprofessional. ID at 21-23.

On review, the appellant argues that the administrative judge's credibility determinations are deficient because he improperly rejected the appellant's testimony on the ground that it was conclusory and focused generally on the biased nature of his coworkers and superiors. PFR File, Tab 1 at 11-14. He also faults the administrative judge for not citing his testimony, which he contends was "rich with factual details." *Id.* at 12. As set forth above, however, the initial decision reflects that, for each specification, the administrative judge summarized the evidence, including the testimony of the appellant and the agency witnesses concerning the relevant incidents. He found that the agency witnesses gave thorough, detailed, consistent, and plausible accounts of the relevant events. In contrast, he found the appellant's testimony to be conclusory and based on general commentary about the biased and harassing nature of his coworkers and superiors rather than facts. He further found that the appellant failed to explain his contentions that his superiors and coworkers treated him improperly.

Thus, we find that the administrative judge accurately identified the factual questions in dispute, summarized the evidence, stated which version he believed, and explained why he found the chosen version of events more credible than the other. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing those factors to be considered by an administrative judge in resolving credibility issues). The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant's arguments on review, which amount to mere disagreement with the

administrative judge's findings, do not provide a sufficiently sound basis for reversal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

<u>The appellant failed to prove his affirmative defense of reprisal for EEO activity.</u>

The administrative judge found that the appellant failed to prove that his protected EEO activity was a motivating factor in the agency's decision to remove him. ID at 32-33. In so finding, he characterized the appellant's claimed protected activity as making "100s of EEO incident and other complaints." *Id.* at 32. On review, the appellant argues that the administrative judge's finding was erroneous because the agency's removal action was based on his good-faith reports of harassment and discrimination made in the emails that formed the basis of the agency's three specifications.[2] PFR File, Tab 1 at 6-7. The record below reflects that the appellant similarly raised such an argument before the administrative judge. Hearing Transcript (HT) at 49 (May 15, 2018). Thus, the administrative judge should have addressed this argument. Nonetheless, we find that the record is sufficiently developed to adjudicate the merits of this claim on review. *See Slater v. Department of Homeland Security*, 108 M.S.P.R. 419, ¶ 12 (2008), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 14.

As relevant here, to prove an affirmative defense of retaliation for EEO activity, an appellant must show that such protected activity was at least a motivating factor in the agency's action or decision. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30. Generally speaking, there are two kinds of EEO activity—opposition activity and participation

---

[2] The appellant also argues that the administrative judge erred in finding that he failed to prove his claim of reprisal for protected grievance activity because he failed to identify his alleged protected grievance activity. PFR File, Tab 1 at 6. However, such an argument does not appear to raise a separate claim to the extent that the appellant identifies his "protected grievance activities" as the three email complaints of harassment and discrimination set forth in the agency's specifications. *Id.*

activity. *See* 42 U.S.C. § 2000e-3(a); *Johnson v. Frost*, EEOC Appeal No. 11980023, 2001 WL 1353704, at *6 (June 28, 2001). Participation activity enjoys very broad protection. The Equal Employment Opportunity Commission (EEOC) has held that, under the participation clause, an employer is prohibited from disciplining an employee for bringing even a false or malicious charge of discrimination or from engaging in unreasonable conduct during the course of EEO proceedings. *E.g.*, *Jazmine F. v. Department of Defense*, EEOC Petition No. 0320170007, 2023 WL 4653604, at *6-*7 (July 5, 2023); *see generally Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1007 (5th Cir. 1969). The protections afforded to opposition activity are less extensive; they apply only when the manner of the opposition is reasonable. *Arthur F. v. U.S. Postal Service*, EEOC Appeal No. 2022001340, 2022 WL 16848408, at *3 (Oct. 18, 2022).

In this case, we find that, if the three emails at issue were protected, they would be protected under the opposition clause and not the participation clause. The appellant sent these emails outside the context of any EEO proceeding in order to register his complaints with agency management. He did not send the emails in furtherance of any ongoing EEO proceeding or as an invocation of the EEO statutory or regulatory procedures. *See Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978) (stating that the participation clause applies when the employee has participated in "the machinery set up by Title VII to enforce its provisions"); *see also Celinda L. v. Department of the Army*, EEOC Appeal No. 0120143152, 2017 WL 6940947, at *4 (Dec. 9, 2017) (finding that an email complaining of discrimination to agency management constituted protected opposition). Therefore, to prevail on his claim of retaliation, the appellant must show that he had a reasonable, good-faith belief that a violation of anti-discrimination laws had occurred. *See Knight v. Department of Transportation*, EEOC Appeal No. 01956704, 1998 WL 9025, at *2 (Jan. 5, 1998).

Although the appellant argues that his complaints were made in good faith, the administrative judge's findings establish that the appellant's claims of harassment were false and were not reasonably made in good faith. As set forth above, the administrative judge credited testimony of the agency's witnesses that the appellant was not harassed or discriminated against, including testimony that, rather than being the victim of discrimination, the appellant acted in an unprofessional, confrontational, and rude manner and accused his supervisor of harassing him in an effort to dodge questions related to his poor performance. ID at 12, 18, 22-23. Thus, the administrative judge determined that the appellant's allegations of harassment and discrimination were not supported by the record evidence.

The administrative judge's findings also establish that the appellant failed to show that he had a reasonable good-faith belief that he was reporting discrimination to the extent that he failed to adequately explain the basis for his belief that he was treated unlawfully. ID at 12. Rather, his emails and testimony amounted to vague, conclusory, and unconvincing general statements or running commentary about alleged bias and harassment, unsupported by any factual details. ID at 11, 15, 23. In particular, regarding specification 1, the administrative judge found that the appellant's alleged belief that he was reporting discrimination was undermined not only by his lack of evidence or explanation concerning the basis for such a belief, but also by his acknowledgment in his email that the Park Ranger coworker had complemented him on his water operations and he had thanked her for taking him on the water. ID at 12.

Accordingly, because the appellant failed to show that he had a reasonable good-faith belief that he was reporting harassment and discrimination, his conduct does not constitute protected opposition activity that can form the basis of a reprisal claim. *See Clark County School District v. Bredeen*, 532 U.S. 268, 270-71 (2001) (holding that an employee's complaints about a single off-color

remark were not protected opposition because she did not reasonably believe that the remark constituted a violation of Title VII); *see also* EEOC Enforcement Guidance on Retaliation and Related Issues, § IIA(2)(c) (August 25, 2016) (stating that, for statements or action to be protected opposition, they must be based on a reasonable good-faith belief that the conduct opposed violates EEO laws). Nevertheless, the Board finds it appropriate to remind agencies that the protections for opposition activity, although not as extensive as those for participation activity, are still broad. Whether opposition activity is reasonable and in good faith depends entirely on the facts of a given case. In this case, the evidence clearly shows that the appellant's allegations of discrimination and reprisal were neither reasonable nor in good faith. The Board's holding in this appeal will not be extended to situations in which an agency disciplines an employee for making allegations of discrimination or reprisal that are merely mistaken. *See Love v. RE/MAX of America, Inc.*, 738 F.2d 383, 385 (10th Cir. 1984).

The appellant's remaining arguments on review do not provide a basis for reversal.

Regarding his affirmative defense of whistleblower reprisal, the appellant argues that the administrative judge erred in finding that he failed to prove contributing factor because the proposing official testified that he was aware of the appellant's August 2016 complaint to the Inspector General (IG). PFR File, Tab 1 at 9-10. The record reflects that the proposing official testified that he answered a phone call from someone from the IG's office on a shared office telephone line who asked to speak with another employee. HT at 42-43, 117 (May 10, 2018). He later learned from the employee that it appeared the appellant had filed an IG complaint based on the nature of the questions asked by the IG employee. *Id.* The proposing official further testified that he assumed that the IG complaint had been filed by the appellant based upon his interactions with the appellant in a prior complaint. *Id.* at 43. Thus, it appears that the proposing

official was aware of the appellant's August 2016 IG complaint when he proposed the appellant's removal on February 27, 2017. Accordingly, we modify the initial decision to find that the appellant proved contributing factor under the knowledge/timing test. *See* 5 U.S.C. § 1221(e)(1) (stating that an employee may prove contributing factor through circumstantial evidence that the official taking the personnel action knew of the protected activity and the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor); *see also Inman v. Department of Veterans Affairs*, 112 M.S.P.R. 280, ¶ 12 (2009) (noting that the Board has found that a period of 1 year between an appellant's protected activity and the agency's personnel action is sufficient to satisfy the knowledge/timing test). Nonetheless, the administrative judge found that the agency proved by clear and convincing evidence that it would have removed the appellant absent his protected activity, and the appellant does not challenge the administrative judge's findings on this issue. ID at 49-51.

The appellant also reiterates his argument that the agency violated his due process rights by failing to afford him a reasonable amount of time to respond to the notice of proposed removal, but he fails to identify any specific error in the administrative judge's analysis. PFR File, Tab 1 at 14. The record reflects that the administrative judge considered and rejected this argument, finding that the agency granted the appellant two extensions and that nothing in the record suggested that the agency failed to comply with 5 U.S.C. § 7513(b). ID at 46. The appellant also appears to raise new allegations of due process violations, including that the agency failed to provide him with certain documents and used agency investigators who were not properly trained to investigate his complaints of harassment. PFR File, Tab 1 at 14-15. We decline to consider these new claims for the first time on review to the extent that the appellant has not explained why he could not have raised them below. *See Banks*, 4 M.S.P.R. at 271.

The appellant also argues that the administrative judge erred in finding that he failed to prove his affirmative defenses of discrimination based on sexual orientation, sex, gender, gender stereotyping, gender nonconformity, religion, age, or disability. PFR File, Tab 1 at 22-23. He summarily argues that the administrative judge failed to consider his extensive testimony regarding his affirmative defenses, but he fails to specify such testimony in any detail or identify any specific error in the administrative judge's analysis. *Id.* at 23; *see* 5 C.F.R. § 1201.115(a)(2) (stating that a petitioner who alleges that the administrative judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error). Accordingly, we find no error in the administrative judge's analysis; the initial decision reflects that the administrative judge considered the appellant's testimony concerning the various comments, conversations, and events that the appellant believed evidenced discrimination. ID at 27-44.

The penalty of removal was reasonable.

On review, the appellant generally disagrees with the reasonableness of the penalty of removal. PFR File, Tab 1 at 23-27. In particular, he argues that his offenses were not intentional and had no effect on the agency's reputation. *Id.* at 23-24. However, the deciding official testified that he considered the nature and seriousness of the offense and found the appellant's conduct in making misleading statements accusing his supervisor and coworkers of mistreatment to be serious. HT at 51 (May 11, 2018). He also acknowledged that the offense would not have a direct effect upon the reputation of the agency. IAF, Tab 10 at 63. The appellant also argues that the penalty is not consistent with that imposed upon other employees or the agency's table of penalties, but he cites no evidence in the record in support of such assertions. PFR File, Tab 1 at 24. The appellant argues that the deciding official should have considered his discriminatory work environment as a mitigating factor. *Id.* However, we find

this argument unavailing because the administrative judge properly found that the appellant's claims of discrimination were not supported by the record. Finally, the appellant also argues that the agency erred in relying on his prior discipline, which he contends that he "grieved to the Agency EEO office," and that the administrative judge erred in not independently analyzing the merits of the prior discipline. *Id.* at 27. However, the appellant did not challenge the validity of the prior discipline before the administrative judge. *See, e.g.*, *Rosenberg v. Department of Transportation*, 105 M.S.P.R. 130, ¶ 34 (2007) (stating that Board review of prior agency discipline is only required when the appellant has actually challenged the validity of her prior discipline on appeal);[3] *see also Banks*, 4 M.S.P.R. at 271.

We decline to consider the appellant's untimely uncertified motions for interlocutory appeal.

On review, the appellant asserts that he is appealing three interlocutory orders issued by the administrative judge on the grounds that they were "improperly granted and introduced harmful error." PFR File, Tab 1 at 27-28. These orders include a December 27, 2017 order denying the appellant's request for an extension of time and for additional witnesses, a January 2, 2018 order striking his request for preservation of evidence, and a May 9, 2018 order allowing the agency to supplement the record. *Id.*

An interlocutory appeal is an appeal to the Board of a ruling made by a judge during a proceeding that is of such importance to the proceeding that it requires the Board's immediate attention. 5 C.F.R. § 1201.91. Board regulations require parties seeking interlocutory review to "file a motion for certification within 10 days of the date of the ruling to be appealed" with the administrative judge. 5 C.F.R. § 1201.93(a). Here, the appellant did not file a motion for certification with the administrative judge within 10 days, or at all, with respect

---

[3] Even if the appellant had raised this issue before the administrative judge, it appears that his prior discipline would meet the criteria for limited review under *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981).

to any of the orders he now seeks to challenge. Accordingly, the Board will not consider his uncertified motions for interlocutory appeal. *See, e.g.*, *Sparrow v. Department of the Navy*, 26 M.S.P.R. 335, 336 n.* (1985).

The appellant's motion to supplement the record is denied.

The appellant moves to supplement the record with various evidence and arguments, but he has not explained how such evidence and arguments are relevant to his claims or why such evidence and arguments could not have been raised before the administrative judge. PFR File, Tab 1 at 28, 852-97. Accordingly, we decline to consider such evidence and arguments for the first time on review. *See Banks*, 4 M.S.P.R. at 271; *see also Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.